M.O.W. CONSTRUCTION CO., INC., an Illinois corporation; One Magnificent Mile Partnership, an Illinois general partnership; One Magnificent Mile Condominium Partnership, an Illinois general partnership; Lomm Commercial Partnership, an Illinois limited partnership; the Levy Organization, Inc., an Illinois corporation; Lawrence F. Levy; Sheffield Properties, Inc., a California corporation; Lomm Condominium Partnership, an Illinois limited partnership; the Levy Organization Development Company, Inc., an Illinois corporation; and Newcastle Properties, Inc., a California corporation, Plaintiffs,

v.

FIREMAN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, a New Jersey corporation; Milwaukee Marble Co., Inc., a Wisconsin corporation, Defendants.

MILWAUKEE MARBLE CO., INC., Plaintiff

v.

SCHAL ASSOCIATES, INC., and M.O.W. Construction Co., Inc., Defendants.

Nos. 84 C 11014, 85 C 4315.

United States District Court, N.D. Illinois, E.D.

Dec. 2, 1987.

Bruce S. Sperling, Eugene J. Frett, Sperling, Slater & Spitz, Roger Pascal, James A. Clark, Kevin D. Evans, Schiff, Hardin & Waite, Chicago, Ill., for plaintiffs M.O.W. Const. Co., Inc., et al.

Dan L. Boho, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Chicago, Ill., for defendants Fireman's Ins. Co. of Newark, N.J., et al.

James R. Clark, Leonard G. Leverson, Foley & Lardner, Milwaukee, Wis., Dan Boho, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Chicago, Ill., for plaintiff Milwaukee Marble Co., Inc.

Roger Pascal, Kevin D. Evans, James A. Clark, Schiff, Hardin & Waite, Eugene J. Frett, Sperling, Slater & Spitz, Richard G. Schultz, Jeff D. Harris, Douglas R. Stevens, Foran, Wiss & Schultz, Chicago, Ill., Michael Ash, Michael B. Apfeld, Carol S. Josten, Godfrey & Kayn, S.C., Milwaukee, Wis., for defendants Schal Associates, Inc. and M.O.W. Const. Co., Inc.

ORDER

BRIAN BARNETT DUFF, District Judge.

The Supreme Court has articulated a number of factors which a federal district

court should consider when deciding whether to stay a case in deference to pending parellel proceedings in the state court. These include: (1) the convenience or inconvenience of the federal forum; (2) the order in which the suits were brought; and (3) the desirability of avoiding piecemeal litigation. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817–18, 96 S.Ct. 1236, 1246–47, 47 L.Ed.2d 483 (1976). The Court has also indicated that (4) the source of the governing law, (5) the adequacy of the state court proceedings for protecting federal rights, and (6) the relative progress of the two proceedings may also play a role in the federal court's analysis. *Lumen Construction, Inc. v. Bryant Construction Co.*, 780 F.2d 691, 694 (7th Cir.1985).

In this case, only factor (2) weighs in favor of the federal forum. The rest are either neutral—factors (1), (5) and (6)—or weigh in favor of staying these proceedings—factors (3) and (4). Of course, in assessing the propriety of granting the stay, this court may not "rest on a mechanical checklist, but on a careful balancing of the important factors as they apply [to this case], with the balance weighted heavily in favor of the exercise of jurisdiction." *Moses H. Cone Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 23, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983).

Nevertheless, after carefully reviewing all of the factors at issue here, this court has concluded that the federal cases should be stayed. The two are but small portions of a much larger litigation, one involving numerous parties and complex factual and legal questions. Whereas the state court provides a forum for resolving all of these interests and issues in one case, this court does not. Thus, piecemeal litigation can only be avoided by granting the stay. Moreover, this litigation involves purely state law claims, for which the state court provides a perfect forum. Together, these factors substantially outweigh Milwaukee Marble's original choice of the federal forum, and make the "exceptional" course of staying federal proceedings appropriate here.